# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
     JUDGE

## <u>LETTER OPINION</u>

November 1, 2007

Leon Marc Greenberg
633 South 4th Street
Suite 9
Las Vegas, NV 89101

Philip Stephen Fuoco
24 Wilkins Place
Haddonfield, NJ 08033

Stephen P. Denittis
Shabel & Denittis, PC
5 Greentree Centre
Route 73 & Lincoln Drive
Suite 302
Marlton, NJ 08053

Joseph A. Osefchen
The Law Firm of Philip Stephen Fuoco
24 Wilkins Place
Haddonfield, NJ 08033

Kenneth Kaufmann Lehn
Winne, Banta, Hetherington, Basralian & Kahn, PC
Court Plaza South - East Wing
25 Main Street
PO Box 647
Hackensack, NJ 07602

     (*Attorneys for Plaintiffs*)

Scott E. Ross
Morgan, Lewis & Bockius, LLP

502 Carnegie Center
Princeton, NJ 08540-6241

Thomas A. Linthorst
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540

(*Attorneys for Defendant*)

RE:   **Bachrach, et al. v. Chase Investment Services Corp., et al.**
      **Civ. No. 06-2785 (WJM)**

Dear Counsel:

Plaintiffs David Bachrach and Lawrence Kaufmann ("Plaintiffs") bring this Motion for Class Certification, pursuant to Federal Rule of Civil Procedure 23.  This Court declines to certify the class for three reasons: (1) many members have no claims, rendering the class overinclusive, (2) many remaining members will opt out, rendering the class insufficiently numerous, and (3) the class does not fit within any category of classes allowed by Rule 23(b). Accordingly, Plaintiffs' Motion is **DENIED**.

## FACTS AND PROCEEDINGS

Plaintiffs are former financial advisors in Defendants' New Jersey office.[1]  (Am. Compl. ¶¶ 9–11.)  As financial advisors, Plaintiffs' duties consisted of soliciting clients, gathering their financial information, preparing a financial plan for those clients, and selling them the desired plan.  (Ross Certification Ex. B.)

Plaintiffs now allege that during this employment Defendants violated two categories of New Jersey employment law.  (Am. Compl.)  First, Plaintiffs allege that Defendants illegally failed to pay them overtime rates.  (Am. Compl. ¶¶ 72–78.)  Second, Plaintiffs allege that Chase illegally deducted money from their paychecks to pay for office expenses and to reimburse dissatisfied customers.  (Am. Compl. ¶¶ 61–71.)

Plaintiffs now seek to certify a class comprising all financial advisors employed by JP Morgan in New Jersey since June 21, 2000.  (Mt. for Class Certification. 1.)  The Motion alleges

---

[1]Plaintiffs were directly employed by Chase Investment Services Corporation ("Chase") (Certification of Scott E. Ross Ex. O ¶¶ 3, 4), a subsidiary of JP Morgan Chase & Co. ("JP Morgan").  (Am. Compl. ¶ 12.)

that this class comprises over 200 members (Mt. ), but the evidence suggests that Defendants employed only seventy-five securities brokers in New Jersey between 2000 and 2006, only a dozen or so of whom worked there between 2004 and 2006.  (Ross Certification Ex. H ¶¶ 3, 5, 7; Ross Certification Ex. O ¶¶ 5–7.)  For the following reasons, Plaintiffs' Motion is denied.

## DISCUSSION

### I.    The Elements of Plaintiffs' Claims

Before directly addressing Plaintiffs' Motion, this Court briefly considers the elements of Plaintiffs' claims.  *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166 (3d Cir. 2001).  This consideration suggests that Plaintiffs' first type of claim, the overtime claim, is legally unlikely to succeed.  This consideration also suggests that Plaintiffs' second type of claim, the illegal deductions claim, is legally viable but factually tenuous.

With respect to the first category of claims, Plaintiffs allege that Defendants failed to pay overtime rates, violating New Jersey law. (Am. Compl. ¶¶ 72–78.)  N.J. STAT. ANN. § 34:11-56a4 (West Supp. 2007).  Section 56a4 states that employers must pay employees overtime unless those employees are employed in an "administrative" capacity.  Plaintiffs' overtime claims depend upon whether financial advisors are administrative employees.

They likely are.  Federal overtime law, which New Jersey incorporates into its own overtime law, *Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 379 & n.5 (N.J. Super. Ct. App. Div. 2005), also contains an exemption for "administrative" employees.  29 U.S.C. § 213(a)(1) (2000).  As an example of administrative employees, federal regulations list "[e]mployees in the financial services industry" whose duties include collecting information about customers' finances, preparing a financial plan for their customers, and ultimately selling the plan.  29 C.F.R. § 541.203 (2007).  This is precisely what the class members do.  It is thus likely that the members do not have a viable claim to overtime.

The class faces one more barrier to asserting overtime claims: the statute of limitations.  The statute of limitations on overtime claims is two years.  § 34:11-56a25.1.  The class, however, comprises financial advisors who have worked for Chase at any time since 2000.  (Mt. 1.)  Any members who left Chase at least two years prior to the commencement of this action are barred from even asserting their overtime claims.

With respect to the second category of claims, Plaintiffs allege that Chase illegally deducted money from their paychecks to pay for office expenses and to reimburse dissatisfied customers.  (Am. Compl. ¶¶ 61–71.)  If these allegations are true, they are violations of New Jersey law, which prohibits withholding portions of employees' wages.  N.J. STAT. ANN. § 34:11-4.4 (West 2000); *Male v. Acme Markets, Inc.*, 264 A.2d 245 (N.J. Super. Ct. App. Div. 1970).

But while these claims are legally viable, they are factually tenuous.  Bachrach and

Kaufmann are the only members alleging that Defendants deducted money from their paycheck. (Decl. of David Bachrach ¶ 10; Decl. of Lawrence Kaufmann ¶ 9.)  Indeed, other members denied ever being the victim of such deductions.  (Ross Certification Ex.s B, C, E, G.)  Thus Bachrach and Kaufmann may be the only members who actually possess such claims.

In summary, the class appears to have few viable claims.  While this deficiency does not directly weaken Plaintiffs' Motion, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974), it will weigh against certification when considered within the class action analysis.

## II.     Class Action Analysis

The maintenance of suits as class actions is governed by Federal Rule of Civil Procedure 23.  Rule 23(a) contains four prerequisites: (1) the class is so numerous that joinder of all members is impracticable, (2) the class presents common questions, (3) the claims of the representatives are typical of the class, and (4) the representatives will adequately protect the class's interests.  The class must then fit within one of three types of cases, under Rule 23(b): (1) the prosecution of separate actions might establish incompatible standards of conduct, (2) the defendant has acted in a manner generally applicable to the class, making injunctive relief appropriate, or (3) common questions predominate over individual questions.

Plaintiffs' class fails this analysis.  As an initial matter, the class fails even before it reaches the Rule 23 analysis because it is overinclusive.  The class also fails the numerosity requirement in Rule 23(a)(1) and fails to fit into one of the categories of cases in Rule 23(b).

### A.     The Putative Class Fails Because It Is Overinclusive

Plaintiffs cannot maintain this suit as a class action because the proposed class is overinclusive.  Courts may deny certification where the proposed class includes many members without claims, s*ee Pagan v. Dubois*, 884 F. Supp. 25, 28 (D. Mass. 1995), as this one does. With respect to the deductions claims, there is no evidence that Chase deducted money from any members' paychecks but Plaintiffs'.  With respect to the overtime claims, only a minority of the members may assert them since most left Chase at least two years before this litigation commenced and so their claims are barred by the statute of limitations.  Thus, the proposed class is overinclusive.

### B.     The Putative Class Is Insufficiently Numerous to Satisfy Rule 23(a)(1)

The class fails Rule 23(a)(1)'s numerosity requirement because joinder of all members is practicable.  Joinder is practicable where the members are few and easily located.. *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980).  Here, the class contains a maximum of seventy-five members, many of whom do not have claims and thus cannot remain in the class.  And given that all putative class members are current or former New Jersey employees, most are likely easily located in New Jersey.  Furthermore, most of the members are hostile to this suit and wish to opt

4

out. (*See, e.g.*, Ross Certification Exs. B, C, E, G, I, J.)  The class will ultimately include only a few members and perhaps only Kaufmann and Bachrach.  Thus, the putative class is insufficiently numerous to warrant certification.

### C.      The Putative Class Fails to Fall Within One of the Categories in Rule 23(b)

Rule 23(b) requires a class to fall into one of three categories.  This suit does not.

Rule 23(b)(1) permits a class action if the prosecution of separate actions might establish incompatible standards of conduct for the defendant.  Here, however, the Defendants' standards of conduct are clear.  New Jersey law strongly suggests that employees with the members' job descriptions are not entitled to overtime.  New Jersey law is also clear that employers may not deduct money from their employees' paychecks.  Accordingly, there is little danger that individual suits would subject Defendants to incompatible standards of conduct, so this case does not fall within Rule 23(b)(1).

Rule 23(b)(2) permits a class action if the defendant has acted in a manner generally applicable to the class, making injunctive relief appropriate.  Here, such injunctive relief is inappropriate.  With respect to the deductions claims, these appear to be only isolated incidents, which do not justify broad injunctive relief.  *See Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004).  With respect to the overtime claims, there are few employees who would even assert such claims, again perhaps only Kaufmann and Bachrach, who no longer work at Chase and thus don't need injunctive relief.  Accordingly, broad injunctive relief here is inappropriate, so the class is not maintainable under Rule 23(b)(2).

Rule 23(b)(3) permits a class action only if common questions predominate.  Here, individual questions would predominate.  With respect to the deductions claims, the law clearly bars such deductions.  The only issues are whether each member was actually a victim of deductions.  With respect to the overtime claims, the law strongly suggests that the members were not entitled to overtime.  Proving otherwise would require individual exploration of each member's specific work habits.  Accordingly, individual questions would predominate this litigation, so the class is not maintainable under Rule 23(b)(3).

### CONCLUSION

Plaintiffs' proposed class is overinclusive and does not satisfy Rule 23.  Accordingly, Plaintiffs' Motion for Class Certification is **DENIED**.  An appropriate Order accompanies this Letter Opinion.


s/ William J. Martini
**William J. Martini, U.S.D.J.**